UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN FUNDERBURK, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>THE WIRBICKI LAW GROUP, LLC, and BANK OF AMERICA, N.A., as successor by merger to BAC Home Loans Servicing, LP,<br><br>     Defendants. | No. 13 CV 4848<br><br>Magistrate Judge Young B. Kim<br><br>August 19, 2015 |

PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the request of the parties for preliminary approval of a Class Action Settlement Agreement and Release, and based upon their submissions to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1. Solely for purposes of settlement, the following Classes are hereby certified pursuant to Fed. R. Civ. P. 23(b)(3):

**Class 1:**

Class 1 consists of all persons who, between July 5, 2012 and July 4, 2013: (a) had a Foreclosure Action filed against them by Wirbicki Law Group, LLC ("Foreclosure Action"); and (b) were not served a summons accompanied by a notice in substantially the same form required by 735 ILCS 5/15-1504.5, and attached as Exhibit B to Plaintiff's First Amended Complaint. There are 1,120 members in Class 1.

**Class 1(a):**

Class 1(a) consists of all members of Class 1 where the loan servicer was a lender other than BANA and the Foreclosure Action remains pending as of June 15, 2015, i.e., no judgment has been entered and the homeowner has not entered into any loan modification, short sale, or other settlement. There are 14 members in Class 1(a).

**Class 1(b):**

Class 1(b) consists of all other members of Class 1 where the loan servicer was a lender other than BANA and the Foreclosure Action is no longer pending and against whom Defendant Wirbicki represents no personal deficiency judgment was taken. There are 1,106 members in Class 1(b).

**Class 2:**

Class 2 consists of all persons who, between July 5, 2010 and July 4, 2013: (a) had a Foreclosure Action filed against them by Wirbicki Law Group, LLC ("Foreclosure Action"); (b) where the loan servicer was BANA; (c) were not served a summons accompanied by a notice in substantially the same form required by 735 ILCS 5/15-1504.5, and attached as Exhibit B to Plaintiff's First Amended Complaint; and (d) where the Foreclosure Action remains pending as of June 15, 2015, i.e., no judgment has been entered and the homeowner has not entered into any loan modification, short sale, or other settlement with BANA. There are 47 members in Class 2.

**Class 3:**

Class 3 consists of all persons who, between July 5, 2010 and July 4, 2013: (a) had a Foreclosure Action filed against them by Wirbicki Law Group, LLC ("Foreclosure Action"); (b) where the loan servicer was BANA; (c) were not served a summons accompanied by a notice in substantially the same form required by 735 ILCS 5/15-1504.5, and attached as Exhibit B to Plaintiff's First Amended Complaint; and (d) where the Foreclosure Action proceeded to judgment and confirmation of sale. There are 861 members in Class 3.

**Class 4:**

Class 4 consists of all persons who, between July 5, 2010 and July 4, 2013: (a) had a Foreclosure Action filed against them by Wirbicki Law Group, LLC ("Foreclosure Action"); (b) where the loan servicer was BANA; (c) were not served a summons

accompanied by a notice in substantially the same form required by 735 ILCS 5/15-1504.5, and attached as Exhibit B to Plaintiff's First Amended Complaint; and (d) where the Foreclosure Action was dismissed due to a settlement or workout and the homeowner remained in the property, i.e., refinance, loan modification or the foreclosure process being restarted due to servicing error. There are 623 members in Class 4.

**Class 5:**

Class 5 consists of all persons who, between July 5, 2010 and July 4, 2013: (a) had a Foreclosure Action filed against them by Wirbicki Law Group, LLC ("Foreclosure Action"); (b) where the loan servicer was BANA; (c) were not served a summons accompanied by a notice in substantially the same form required by 735 ILCS 5/15-1504.5, and attached as Exhibit B to Plaintiff's First Amended Complaint; and (d) where the Foreclosure Action was dismissed and the homeowner did not remain in the property, i.e., short sale, or loan repaid in full due to non-short sale, etc. There are 522 members in Class 5.

2. As explained in the papers submitted in support of preliminary approval, the Court finds that the proposed classes satisfy the requirements of Federal Rule of Civil Procedure 23 because: (A) each Class is sufficiently numerous such that joinder is impracticable; (B) the Classes' claims present common questions of law and fact that predominate over any questions affecting only individual Class Members, such as whether or not failing to provide homeowners in foreclosure with a "Homeowner Notice" that complies with Illinois' Mortgage Foreclosure Law, 735 ILCS 5/15-1504.5, gives rise to violations of the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud Act in the manner alleged in Plaintiff's First Amended Complaint; (C) Plaintiff's claims are typical of the Class Members' claims; (D) Plaintiff and her counsel are adequate representatives for the Class and Plaintiff's attorneys Lance A. Raphael and Stacy M. Bardo of the Consumer Advocacy Center, P.C., and Christopher Kruger of Kruger & Gruber, LLP are

hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims raised.

3. The Court finds that the settlement terms are fair, reasonable and adequate and were reached after multiple in-person and telephonic arms-length negotiation sessions. The parties negotiated the following monetary recovery: (a) for Class 1, Wirbicki will establish a settlement fund of $1,272.00, the maximum statutory damages recoverable under the FDCPA based upon Wirbicki's affidavit, to be distributed on a pro rata basis to each member of Class 1 who timely submits a valid claim form; (b) for Class 1(a) and Class 2, Wirbicki will pay each Class Member who can be located $75.00; (3) for Class 3, Wirbicki will establish a settlement fund in the amount of $62,500.00, to be distributed on a pro rata basis to each member of Class 3 who timely submits a valid claim form; (4) for Class 4, Wirbicki will pay each Class Member who can be located $25.00; and (5) for Class 5, Wirbicki will establish a settlement fund in the amount of $5,000.00, to be distributed on a pro rata basis (up to $25.00) to each member of Class 5 who timely submits a valid claim form and with any remaining funds added to the Class 3 fund. These amounts were negotiated based upon numerous factors including the estimated costs of service per summons, whether or not the Class Member had already negotiated a release, settlement, or other relief with their respective lender/servicer, and whether the Class Member could establish actual damage for their receipt of an allegedly violative notice at trial.

4

4. In addition to the foregoing monetary relief, Wirbicki is also mailing a corrected "Homeowner Notice" to advise the Class 1(a), 1(b), and Class 2 Members of their rights under the Illinois Mortgage Foreclosure Law. These individuals are being mailed the corrected "Homeowner Notice" because they either have pending foreclosures or were foreclosed upon by non-BANA lenders/servicers.

5. This relief will not be reduced or otherwise affected by the costs of settlement notice and administration, the class representative's recovery, or class counsel's attorneys' fees and costs because the Settlement provides that Wirbicki will pay these sums in addition to the Class Members' recovery.

6. The Court has reviewed and now approves the proposed Class Notice plan, and directs that notice be implemented in accordance with the Settlement Agreement, and be issued no later September 4, 2015. The Class Settlement Administrator shall give an affidavit to be filed by the parties with the Court by December 11, 2015, attesting that notice has been so given.

7. The Court grants Plaintiff's request that Wirbicki provide social security numbers for those Class Members whose Class Notice packets are returned as undeliverable, with no forwarding address and no registered new address found through the National Change of Address database. Wirbicki shall provide such social security numbers to the Settlement Administrator, pursuant to the Administrator's agreement to hold such numbers confidential. The Settlement Administrator shall then run a skip trace to attempt to locate such Class Members, as set forth in the parties' Settlement Agreement.

8.	The Court finds that this proposed Class Notice plan—direct first class mail notice to Class Members, with skip tracing as needed—is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

9.	Any Class Member who desires to exclude himself or herself from the Class shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Class Settlement Administrator and be received by the deadline. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN Funderburk v. Wirbircki, et al." The request for exclusion must also contain the excluded Class Member's name, address, and signature (or the signature of the Class Member's attorney).

10.	Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Final Fairness Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendants' Counsel a written notice of objection together with a statement of reasons for the objection. Class Counsel or Defendants' Counsel may, but need not, respond to the objections, if any, by filing a memorandum of law no later than December 11, 2015.

11.	The deadline for all claim forms, requests for exclusion, and objections shall be November 20, 2015.

12. A Final Fairness Hearing on the reasonableness of the Settlement will be held before this Court on December 17, 2015, at 11:00 a.m. in courtroom 1019.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**